**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| DIANA LONGBOTTOM et al. | * | |
| | * | |
| Plaintiffs | * | |
| v. | * | Civil Action No. 03-456 |
| RITE AID CORPORATION et al. | * | |
| Defendants | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**OPPOSITION TO MOTION IN OPPOSITION TO REMOVAL
AND TO REMAND TO STATE COURT**

Defendant Rite Aid Corporation ("Rite Aid"), by its attorneys, James A. Rothschild and Michael J. Carlson, hereby oppose Plaintiffs' Motion in Opposition to Removal and to Remand to State Court ("Motion to Remand") and in support of its opposition states:

**I. Introduction**

This is a negligence case in which Plaintiff Diana Longbottom alleges that Rite Aid provided her with an improper prescription, causing her to suffer damages. This case was originally filed in the Circuit Court for Baltimore County, Maryland and was removed to this Court by Rite Aid based on diversity jurisdiction. Plaintiffs do not dispute that diversity jurisdiction exists given the citizenship of the parties and the amount sought in their Complaint, but seek to destroy diversity jurisdiction by filing an amended complaint in the Circuit Court for Baltimore County. The Amended Complaint seeks less than the jurisdiction amount of $75,000. Simultaneous with the filing of their

Amended Complaint, Plaintiffs filed a motion to remand with this Court. Rite Aid opposes the motion to remand since the Complaint in this action has not been amended and because, in any event, this Court's jurisdiction is determined as of the time the case was removed to this Court.

## II.  Applicable Law and Argument

Plaintiffs indicate in their Motion to Remand that they have filed an Amended Complaint in the Circuit Court for Baltimore County lowering the damages they are seeking to $74,000. The Amended Complaint, however, is ineffective because the case has been removed to this Court and, accordingly, an amendment to the complaint must be filed with this Court.

Assuming, nonetheless, that Plaintiffs will successfully amend their Complaint to seek an amount below the jurisdictional threshold, there would still be no basis for remanding the case to state court. It is well settled that the jurisdiction of a United States District Court is determined as of the time the case is removed from state court and that a reduction of the amount in controversy, whether done voluntarily by the plaintiff or otherwise, will not deprive the Court of its jurisdiction. *St. Paul Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938).

This principle was recently applied in the United States District Court for South Carolina in a case analogous the one at hand. *See Thompson v. Victoria Fire & Cas. Co.*, 32 F.Supp. 2d 847 (D.S.C. 1999). In the *Thompson* case, a plaintiff filed a complaint in state court that, based on its averments, allowed for removal to federal court based on diversity jurisdiction. As of the time of removal the plaintiff had filed, but not served, an amended complaint lowering the damages claimed below the jurisdictional limit. The

plaintiff, challenging the removal and the district court's jurisdiction, sought to have the case remanded. The court found that removal was proper since the amended complaint did not supercede the original complaint until it was served on the defendant. The court continued:

> The second determinative issue is whether the amended complaint, assuming it reduces the amount in controversy to $75,000 or less, destroys the court's jurisdiction. The law is clear that post-removal events, such as amending a complaint in order to reduce the amount in controversy below the jurisdictional limit, do not deprive a federal court of diversity jurisdiction.

32 F. Supp. 2d at 849.

Accordingly, the plaintiff's motion to remand was denied.

In the present case, Plaintiffs' Motion to Remand must fail for the same reasons. There is no dispute that diversity jurisdiction exists under the original Complaint and that this action was timely removed. Since this Court's jurisdiction is determined at the time of removal, Plaintiffs' Motion to Remand should be denied.

_____
JAMES A. ROTHSCHILD

_____
MICHAEL J. CARLSON
ANDERSON, COE & KING, LLP
201 North Charles Street
Suite 2000
Baltimore, MD  21201
410/752-1630
Attorneys for Defendant
Rite Aid Corporation

## **CERTICATE OF SERVICE**

      I HEREBY CERTIFY that on this ____ day of _____, 2003, a copy of Defendant's Opposition to Motion in Opposition to Removal and to Remand to State Court was mailed first-class, postage prepaid to:

Gerald W. Soukup, Esquire
Donald H. Feige, Esquire
9407 Hartford Road
Baltimore, MD  21234
Attorney for Plaintiffs

 

_____

James A. Rothschild

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DIANA LONGBOTTOM et al. | * |
| | * |
|     Plaintiffs | * |
| v. | |
| | *    Civil Action No. 03-456 |
| RITE AID CORPORATION et al. | |
| | * |
|     Defendants | |
| | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **ORDER**

The Court, having considered Plaintiffs' Motion to Remand and Rite Aid Corporation's ("Rite Aid") opposition thereto and finding that no hearing is necessary, hereby DENIES the Motion for the reasons set forth in Rite Aid's Opposition to Motion to Remand.

_____

xx, Judge