```
           IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND
```

DIANA LONGBOTTOM, et al.          :
                                  :
v.                                :   Civil Action WMN-03-456
                                  :
RITE AID CORP., et al.            :


## MEMORANDUM

Before the Court is Plaintiffs' motion to remand this action to the Circuit Court for Baltimore County. Paper No. 9. The motion is ripe for decision. Upon review of the pleadings and applicable case law, the Court determines that Plaintiffs' motion should be denied.

In December 1999, Plaintiff Diana Longbottom met with her doctor to discuss hormone replacement therapy. The two agreed that she would begin taking hormone replacements, and her doctor gave her two prescriptions to be filled and directions for the administration of the medications. Ms. Longbottom took her prescriptions to a Rite Aid pharmacy in Phoenix, Maryland to have them filled. According to Ms. Longbottom, the pharmacist dispensed the incorrect medication to her, and she began taking the medication because she was not aware that the pharmacist made a mistake. She continued to take the medication for about a year, until her primary care doctor discovered what she was taking. Plaintiffs brought this

action in the Circuit Court for Baltimore County alleging negligence (Count I), breach of contract (Count II), and loss of consortium (Count III).  In each claim, Plaintiffs alleged $150,000 in damages.

Defendants removed this action to this Court on the basis of diversity jurisdiction.  Plaintiffs then filed this motion to remand and argue that they have amended their complaint, reducing their claim for damages to $74,000 for all counts.  Plaintiffs argue that "[a]s a result of the reduction in the amount sought for damages, this action should be remanded to the Circuit Court for Baltimore County."  Mot. at 2.

Section 28 U.S.C. § 1332(a) provides that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds to sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  Plaintiffs attempt to destroy this diversity jurisdiction by amending the amount of damages claimed in their complaint.  This Court declines to follow Plaintiffs' reasoning.  Plaintiffs initially alleged an amount of damages which would satisfy the federal jurisdictional amount but elected to file suit in a state court.  Defendants thereafter removed the action in reliance on the jurisdictional amount alleged.  In this type of situation,

"there is a strong presumption that the amount so alleged was not fixed with the intent to confer federal jurisdiction" and that the amount was claimed in good faith.  <u>Morris v. Naugle</u>, 722 F.Supp. 1285, 1286-87 (D. Md. 1989) (citing <u>St. Paul Mercury Indemnity Co. v. Red Cab Co.</u>, 303 U.S. 283, 290 (1938)).  As this Court has previously explained, "for purposes of alleging the jurisdictional amount, the allegations of the complaint, which were apparently made in good faith will control, and subsequent events that reduce the amount of recovery will not deprive the Court of jurisdiction."  <u>Morris</u>, 722 F.Supp. at 1287.  Once jurisdiction attaches to an action, a voluntary reduction by Plaintiffs of their demand below the jurisdictional amount will not cause divestment of jurisdiction.

   Plaintiffs' Motion to Remand will be denied.  A separate order consistent with this memorandum will issue.

                              _____/s/_____

                              William M. Nickerson
                              Senior United States District Judge

Dated: May 9, 2003